## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRAIG H. GROSS,** | No. 1:07-cv-01921 |
| Petitioner | JUDGE SYLVIA H. RAMBO |
| v. | |
| **WARDEN,** | |
| Respondent | |

### **M E M O R A N D U M**

Before the court is Petitioner Craig H. Gross' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Gross argues that he has been punished twice for the same offense in violation of Fourteenth Amendment due process protections. Because Gross fails to identify a liberty or property interest protected by the 14th Amendment, the writ will be denied.

**I.      Background**

      **A.      Facts**

Gross was incarcerated at the Federal Prison Camp in Otisville, New York. On March 7, 2007, a guard conducted a random search of his cell and found an iPod, a Palm Pilot with cell phone capability, a charger with a USB cable, and $11 in cash. At the subsequent disciplinary hearing, Gross was charged with possession of a hazardous tool, in violation of § 108 of the Institutional Incident Code and possession of money, in violation of § 303 of the same. (Doc. 10 Ex. A.) He admitted possession of the material. He was punished with forty-five days of disciplinary segregation (fifteen days suspended pending 180 days of good conduct), six months without visitors or telephone calls permitted, and the disallowance of forty days good conduct time. He does challenge these punishments in the instant petition.

As a result of this incident, Gross's security level was increased and he was transferred to the Low Security Correctional Institute – Allenwood ("LSCI-Allenwood") in Pennsylvania. Upon his arrival, the unit classification team assigned Gross a Public Safety Factor ("PSF") for "serious telephone abuse" pursuant to Program Statement P5100.08, Chapter 5, Code "O." The PSF limited his use of the telephone to seventy-five minutes per month. The policy at LCSI-Allenwood ordinarily allows prisoners there 300 minutes of phone use per month.

Gross appealed the PSF to the Warden of LSCI-Allenwood, who denied relief on October 2, 2007. Gross appealed the Warden's decision to the Regional Director of the Bureau of Prisons. The Regional Director affirmed the Warden's decision. Gross made his final appeal to the Bureau of Prisons ("BOP"), but at the time Gross filed his petition, a decision has not yet been reached.

### B.   Procedural History

On October 22, 2007, Gross filed a petition for habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) This court exercised its duty to examine the petition before ordering service. Rule 4, 28 U.S.C. foll. § 2254 (applicable to § 2241 petitions pursuant to Rule 1(b)); *see Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Because Gross did not allege sufficient facts upon which relief could be granted under § 2241, this court ordered the petition dismissed and the case closed on October 30, 2007. (Doc. 4.) On October 29, 2007, however, Gross had mailed a motion to supplement his § 2241 petition. (*See* Doc. 5.) The motion was received by the court on October 31, 2007. (*Id.*) By order dated November 5, 2007, this court gave Gross until December 5, 2007 to file an amended petition. The amended petition and a brief in support thereof were filed on December 4, 2007. (Doc. 8.) It was ordered served on December 11, 2007. Respondent filed his response on December 31, 2007. (Doc. 12.) Gross's reply was filed on February 26,

2008 after an extension of time to file was granted. (Doc. 16.) Thus, the petition is ripe for disposition.

**II.        Exhaustion of Administrative Remedies**

It is evident from the face of the petition that, at the time of filing, Gross had not exhausted the remedies available to him through the administrative process. (Doc. 8 ¶ 14.) In the ordinary course, a federal prisoner must exhaust administrative remedies before petitioning the district court under § 2241. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Requiring administrative exhaustion promotes the following goals:

> (1) judicial review may be facilitated by allowing the appropriate agency to develop a factual record and apply its expertise, (2) judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors.

*United States ex rel. Marrero v. Warden*, 483 F.2d 656, 659 (3d Cir. 1973), *rev'd on other grounds by Warden v. Marrero*, 417 U.S. 653 (1974). If these basic goals are not served by requiring administrative exhaustion, the court may proceed to evaluate the merits of an unexhausted claim. *Id.* ("Whether to require exhaustion is discretionary."). Here, the government has not argued that the instant petition should be dismissed for failure to exhaust. Accordingly, because the resolution of the petition will be briefly accomplished and is not a waste of judicial resources, the court will proceed to the merits.

**III.       Discussion**

The federal habeas corpus statute, 28 U.S.C. § 2241, provides that a writ of habeas corpus may extend to any person "in custody in violation of the Constitution or laws or treaties of the United States." *See also Zadvydas v. Davis*,

533 U.S. 678, 687 (2001). Gross brings this habeas petition under the due process clause of the Fourteenth Amendment to the United States Constitution.[1] The first step in analyzing a procedural due process claim is determining whether the nature of the implicated interest is within the contemplation of the life, liberty or property language of the Fourteenth Amendment. *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000); *see also Fuentes v. Shevin*, 407 U.S. 67 (1972). If the interest is protected by the due process clause, the analysis turns to identifying "what process is due to protect it." *Shoats*, 213 F.3d at 143 (citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). In the prison context, due process protection extends to penalties that implicate a prisoner's liberty interest in being free from an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The protection does not extend to every change in confinement that may have an adverse impact on the inmate. *Id*.

   Gross argues that a reduction in his monthly allotted telephone minutes violates his constitutionally protected due process rights.[2] (Doc. 9 at 12.) The court cannot agree. Prisoners do not have a constitutionally protected liberty or property interest in a certain amount of monthly telephone minutes. At the start of his imprisonment, Gross's telephone access privilege was limited to 300 minutes per month. Subsequently, Gross's telephone access privilege was reduced to seventy-

---

[1] Gross briefly invokes the Eighth Amendment protection from cruel and unusual punishment on the first page of his supporting memorandum. Even with the benefit of this court's liberal read of his *pro se* petition, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976) *quoted in Erickson v. Pardus*, — U.S. —, 127 S.Ct. 2197, 2200 (2007), Gross fails to state facts in his petition that would support an argument under the Eighth Amendment.

[2] Gross also argues that he was erroneously assigned a PSF. He asserts that Program Statement P5100.08 does not apply to him, and enforcement of the PSF against him is the product of unpublished BOP policy. (Doc. 9 at 12.) This court's function is to review Gross's habeas petition as it relates to allegations of violations of the United States Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). The BOP policy manual does not constitute one of those sources of law.

five minutes per month. (Doc. 10 Ex. D-1.) This reduction cannot be characterized as "atypical," since disciplinary reductions in prisoner's telephone privileges are clearly contemplated in BOP policy manuals. (Doc. 12 Ex. 3.) The reduction cannot be characterized as a "significant hardship on the inmate in relation to the ordinary incidents of prison life," because limited telephone use is an "ordinary incident of prison life." The PSF simply reduced an already limited privilege. Even though Gross received a PSF for Serious Telephone Abuse, his telephone access privilege was not completely suspended. That Gross retains use of the telephone at all dispels the notion that he is being subjected to a "significant hardship." Because the reduction in available telephone minutes is not "atypical" or "a significant hardship on the inmate in relation to the ordinary incidents of prison life," it cannot constitute a Fourteenth Amendment due process violation.

Furthermore, the authority of the BOP to control prison conditions has been consistently upheld by the United States Supreme Court. *See, e.g.*, *Sandin*, 515 U.S. at 482-83 (1995) ("[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment. Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life, a common subject of prisoner claims . . . ." (citations omitted)); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976) (court supervision of BOP classification determinations would involve the judiciary in "the day-to-day functioning of . . . prisons . . . [and] . . . discretionary decisions that are not the business of federal judges"). Variations in the privileges available to an inmate are changes in the conditions incident to confinement, not additional punishments. "Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citing *Jones v. North Carolina*

*Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977)); *see also Sandin*, 515 U.S. at 485 ("[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." (quoting *Jones*, 433 U.S. at 125)).  The limitation placed upon Gross's use of the telephone is a condition of his confinement, not an additional punishment activating constitutionally-mandated due process protections.  *See Perez v. Fed. Bureau of Prisons*, 229 F. App'x 55, 58 (3d Cir. 2007).  Therefore, Gross has not demonstrated that he has been deprived of a liberty or property interest that would trigger due process requirements.

**IV.**     **Conclusion**

Because the court finds that Gross has not demonstrated that the conditions of his confinement violate the United States Constitution or laws or treaties of the United States, his writ of habeas corpus will be denied.

An appropriate order will accompany this memorandum.


                                                            s/Sylvia H. Rambo
                                                            SYLVIA H. RAMBO
                                                            United States District Judge


Dated:  April 21, 2008.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRAIG H. GROSS,** | : | No. 1:07-cv-01921 |
| **Petitioner** | : | **JUDGE SYLVIA H. RAMBO** |
| v. | : | |
| **WARDEN,** | : | |
| **Respondent** | : | |

# O R D E R

**AND NOW**, upon consideration of the petitioner Craig H. Gross's petition for writ of habeas corpus (Doc. 8), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus is **DENIED.**

2. The Clerk of Court is directed to **CLOSE** this case.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: April 21, 2008.